﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 190826-27086
DATE: August 31, 2020

ORDER

Entitlement to a rating in excess of 50 percent for chronic adjustment disorder is denied.

Readjudication of the claim of entitlement to service connection for hearing loss of the right ear is not warranted.

FINDINGS OF FACT

1. The severity, frequency, and duration of the Veteran’s symptoms most closely approximate occupational and social impairment with reduced reliability and productivity. 

2. New evidence was not received after the September 2014 denial that is relevant to the issue of entitlement to service connection for hearing loss of the right ear.

CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 50 percent for chronic adjustment disorder have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9440.

2. The criteria for readjudicating the claim of entitlement to service connection for hearing loss of the right ear have not been met. 38 C.F.R. §§ 3.156(d).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from July 2009 to July 2014.

In August 2019, the Veteran filed a decision review request and elected the evidence lane. 38 C.F.R. § 19.2(d). Based on the Veteran's choice the Board has considered all additional evidence submitted within 90 days of the decision review request. The Board notes that the rating decision on appeal was issued in August 2019.

1. Entitlement to a rating in excess of 50 percent for chronic adjustment disorder 

In July 2019, the Veteran submitted a claim contending that she is entitled to a rating in excess of 50 percent for chronic adjustment disorder. For the following reasons, the Board finds that an increased rating is not warranted. 

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013). 

A 30 percent rating is assigned when symptoms such as depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, or mild memory loss (such as forgetting names, directions, or recent events), cause occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and normal conversation).

A 50 percent rating is assigned when symptoms such as flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; or difficulty in establishing and maintaining effective work and social relationships cause occupational and social impairment with reduced reliability and productivity.

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

Review of the medical records reveal that in August 2018, the Veteran was working part time jobs while deciding where to finish her art degree. She described herself as in a good mind set with no need of medication. She indicated that she lived close to family and friends and did not have symptoms of depression or anxiety and denied any suicidal or homicidal ideations. The mental status examination described her as pleasant with good eye contact, and alert and oriented with normal speech. Her mood was euthymic and her affect congruent to her mood. She had logical and goal-directed thought processes with no delusions or hallucinations. 

In May 2019 the Veteran reported scratching herself for the last two months stating that it makes her feel calm. She denied any suicidal or homicidal ideations but reported that her anxiety symptoms make it somewhat difficult to do her work, take care of things at home and get along with others. The examiner noted symptoms that may be consistent with moderate to severe anxiety. In June 2019 during a social work assessment, the Veteran reported staying with a friend due to several episodes of homelessness. She stated that her anxiety and panic attacks limit her ability to complete school and work and denied any suicidal or homicidal ideations. 

The Veteran attended a VA examination in August 2019. The examiner noted that since her last VA examination in June 2014, the Veteran has moved several times and has not completed school. Socially, the Veteran reported that she has lived with several roommates and continues to isolate and avoid interactions with others. Occupationally, the Veteran is currently unemployed but pursing assistance through the vocational rehabilitation program. The examiner reported the following symptoms: depressed mood, anxiety, suspiciousness, panic attacks more than once a week, chronic sleep impairment, mild memory loss, flattened affect, disturbance of motivation and mood, difficulty in establishing and maintaining effective work and social relationships and difficulty in adapting to stressful circumstances. The mental status examination described the Veteran as alert and attentive with no evidence of excessive distractibility. She tracked conversation well and had intact orientation for person, time and place. She displayed minimal eye contact, but rapport was established and maintained without difficulty. Her speech functions were appropriate, and her grammar and vocabulary suggested average intellectual functioning. The Veteran was open and cooperative, but her mood was anxious with a flat affect. Her memory functions for remote and immediate recall were grossly intact and her thought-process was intact, goal oriented and organized with thought content revealing no evidence of delusions or paranoia. The Veteran denied suicidal or homicidal ideations and any perceptual disorders. Her insight was fair and social judgment was within normal limits. The examiner observed that the Veteran was on time, dressed and groomed appropriately and appeared to be in good health. The examiner concluded that the Veteran has an occupational and social impairment with reduced reliability and productivity. 

The Board finds that the evidence overall does not demonstrate the level of impairment associated with the next higher rating of 70 percent, which contemplates an occupational and social impairment with deficiencies in most area. The August 2019 VA examiner reported symptoms that are most consistent with the 30 and 50 percent ratings and concluded that the Veteran has an occupational and social impairment with reduced reliability and productivity, which is consistent with a 50 percent rating. 

Occupationally, while the Veteran expressed difficulty completing school and work due to her anxiety, she is pursuing vocational training. Additionally, the mental status examination at the VA examination revealed the ability to establish and maintain rapport without difficulty and vocabulary and grammar skills suggestive of average intellectual functioning. Socially, the Veteran reported isolating and avoiding interactions, but also disclosed that she has friends and has lived with different roommates, indicating that she is able to engage in social interactions. Furthermore, the mental status examinations reveal that she is pleasant, alert and oriented to person, time and place. 

The Board notes that in May 2019 the Veteran reported that she scratches herself to feel calm, which is similar to persistent danger of self-harm contemplated by the 100 percent criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 19 (2017). However, the severity, frequency, and duration of the Veteran’s scratching has not risen to the level contemplated by the 100 percent disability rating. At the August 2019 VA examination the Veteran did not disclose scratching even though she just reported it at her appointment that May. Furthermore, she denied any symptoms of depression or anxiety in August 2018. The Veteran’s report of scratching herself has been considered but due to the lack of frequency and inconsistency of such; a higher rating is not warranted on that basis as the evidence does not show that the Veteran has a persistent danger of hurting herself.

Additionally, the VA examiner noted that the Veteran has difficulty adapting to stressful situations, which is a symptom contemplated by the 70 percent rating. The evidence reveals that the Veteran is pursuing assistance through the Vocational Rehabilitation program and was able to make living arrangements with different roommates during her episodes of homelessness. As such, while the Veteran has difficulty with stressful situations, the evidence indicates she is capable of adapting to stressful situations.

Therefore, the evidence overall does not demonstrate the level of impairment associated with a 70 percent rating. As noted above, the majority of the Veteran’s symptoms along with the VA examiner’s finding of an occupational and social impairment resulting in reduced reliability and productivity are most consistent with a 50 percent rating. 

Accordingly, the Board finds the Veteran’s symptoms most closely approximate the criteria contemplated by a 50 percent rating and an increased rating is not warranted. The claim is denied. 

2. New and relevant evidence was not received to reopen the claim for entitlement to service connection for hearing loss of the right ear

The new and material evidence issue regarding hearing loss of the right ear has been recharacterized to reflect the applicable evidentiary standard. 38 C.F.R. §§ 3.2501(a)(1), 19.2. VA will readjudicate a claim if new and relevant evidence is presented or secured. 38 C.F.R. §§ 3.156(d). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 38 C.F.R. §§ 3.2501(a)(1).

In the September 2014 rating decision, the claim for service connection for hearing loss of the right ear was denied based on the lack of a current diagnosis of hearing loss per VA standards. At the time of that decision the pertinent evidence of record included the Veteran’s service treatment records, statement of the claim and VA examination dated June 17, 2014. The Veteran did not appeal the decision or submit new and material evidence within the appellate period. Therefore, the decision became final.

The evidence received since the September 2014 rating decision, which includes post-service treatment records, is not new and relevant as it does not pertain to hearing loss of the right ear. While this evidence is new, it is not relevant as it does not address or discuss hearing loss of the right ear. Therefore, readjudication of the claim is not warranted.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. A. Prinsen

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.